FILED
2026 Nov-20 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**SUZANNE G.R. JOHNSON,**

**Plaintiff/Counterclaim Defendant,**

**v.**

**NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION; and ALLEN BLAIR FOSTER,**

**Defendants/Counterclaimants.**

**2:26-cv-975-EGL**

---

**ALLEN BLAIR FOSTER,**

**Crossclaimant/Cross-Defendant,**

**v.**

**NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,**

**Cross-Defendant/ Crossclaimant.**

---

**NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,**

**Third-Party Plaintiff,**

**v.**

| | |
|---|---|
| **THE ESTATE OF SHIRLEY CHRISTINE FOSTER, by and through its representative, ALLEN B. FOSTER,** | ) |
| **Third-Party Defendant.** | ) |

## MEMORANDUM OPINION

This case concerns a dispute over who is the proper beneficiary entitled to three annuity payments following the death of Shirley Foster ("Decedent"). Doc. 1 at ¶¶7-12. Originally, Decedent named her son, Allen Blair Foster ("Blair Foster"), as the beneficiary of the three annuities. *Id.* at ¶12. But before her death, New York Life Insurance Annuity Corporation ("NYLIAC") received three change of beneficiary forms, allegedly submitted by Decedent, that changed the annuities' beneficiary from her son to her cousin, Suzanne Johnson. Doc. 11 at ¶¶15-16; Docs 11-1, 11-7, 11-8. Upon Decedent's death, NYLIAC began paying the annuities to Johnson. Doc. 1 at ¶16; Doc. 11 at ¶34. Blair Foster objected and asserts the beneficiary changes are invalid. *See* Doc. 9 at ¶¶4, 11–12, 14. The matter is presently before the Court on Blair Foster's pro tanto motion to dismiss. Doc. 21.

## BACKGROUND

Blair Foster filed a crossclaim in this matter against NYLIAC on July 27, 2026. Doc. 9. Blair Foster claims that NYLIAC was negligent or breached its fiduciary duty by failing to take affirmative actions to ensure Decedent "was in her

right mind" when she executed change of beneficiary forms, "or, alternatively, [by] failing to take action to ensure that [Decedent] was the one actually executing and sending the alleged change of beneficiary" forms. Doc. 9 at ¶17.

On September 14, 2026, NYLIAC filed a motion to dismiss Blair Foster's crossclaim against it. Doc. 12. Then, on October 12, 2026, NYLIAC filed a motion to dismiss Blair Foster's crossclaim for failure to prosecute because Blair Foster had not responded to NYLIAC's original motion to dismiss. Doc. 18.

Blair Foster has since filed a pro tanto motion to dismiss his own crossclaim without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Doc. 21. Blair Foster notes that NYLIAC has not yet filed an answer or motion for summary judgment on his crossclaim. *Id.*

## ANALYSIS

Under Rule 41, a party may voluntarily dismiss its action if certain requirements are met, but a court order may be necessary. *See* FED. R. CIV. P. 41(a), 41(c). First, a party must dismiss "the entire action," *In re Esteva*, 60 F.4th 664, 675 (11th Cir. 2023); "to pick and choose" which claims to dismiss requires amending the complaint. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Since Blair Foster's crossclaim is his only claim against NYLIAC, he is not picking and choosing which claims to pursue, so his crossclaim is an entire action that may be dismissed.

Second, a party may voluntarily dismiss a crossclaim specifically without a court order only before the opposing party serves a responsive pleading. FED. R. CIV. P. 41(c)(1). Blair Foster cites 41(a)(1)(A)(i), which allows voluntary dismissal without a court order before an answer or motion for summary judgment is served. Doc. 21. Blair Foster asserts this condition is met because NYLIAC has not filed either. *Id*. But Blair Foster seeks dismissal of a crossclaim, not a complaint. And Rule 41(c)(1) additionally requires for "dismissal of any … crossclaim" that "[a] claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made: (1) before a responsive pleading is served[.]" NYLIAC filed a responsive counterclaim (Doc. 11) before being served with Blair Foster's pro tanto motion to dismiss, so Blair Foster must receive a court order for dismissal of his crossclaim.

Voluntary dismissal is permitted by court order "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see also Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) ("[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice[.]"). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." FED. R. CIV. P. 41(a)(2).

NYLIAC has not opposed Blair Foster's pro tanto motion to dismiss on the record. NYLIAC also independently filed its own motions to dismiss the crossclaim before Blair Foster filed his pro tanto one. *See* Docs. 12, 18. Clearly, NYLIAC supports the dismissal of Blair Foster's crossclaim. Moreover, NYLIAC's counterclaim against Blair Foster requests the same interpleader relief that NYLIAC seeks against all parties relevant to this case. *See* Doc. 11 at 12. Ergo, an order dismissing Blair Foster's crossclaim would not prejudice NYLIAC or its interests.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Allen Blair Foster's Pro Tanto Motion to Dismiss (Doc. 21), **DISMISSES** Allen Blair Foster's crossclaim (Doc. 9) **WITHOUT PREJUDICE**, and **DENIES** NYLIAC's Motions to Dismiss (Docs. 12 & 18) as **MOOT**.

**DONE** and **ORDERED** this 20th day of November, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE